**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

ALPHA THIRTEEN LLC,
     Plaintiff,

v.

                                      Case No. 26-cv-01179

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,
     Defendant.

**Order**

Now before the Court is the Defendant, State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to Dismiss (D. 20).[1] For the reasons set forth below, State Farm's Motion is granted.

**I**

On June 4, 2026, the Plaintiff, Alpha Thirteen LLC, filed its Amended Complaint. (D. 8). On July 2, 2026, State Farm filed the pending Motion to Dismiss (D. 20), to which the Plaintiff responded (D. 22) and State Farm replied. (D. 28). The Motion is therefore ripe for disposition.

**II**

On August 6, 2024, an individual ("G.B.") was injured in a car accident. G.B. was a Medicare beneficiary. In response to G.B.'s injuries, MDX Hawaii, Inc. ("MDX") issued "reimbursable conditional" benefits, and "assigned to Plaintiff its right to recover reimbursement." (D. 8 at ECF p. 2). The Plaintiff alleges that, under the Medicare Secondary Payer Act ("MSP Act"), State Farm is required to "make

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

appropriate reimbursement for the conditional Medicare benefits advanced by MDX on behalf of [G.B.]," given G.B.'s insurance coverage. (*Id.* at ECF p. 11).

Accordingly, the Plaintiff now seeks reimbursement of those Medicare benefits under the MSP Act. The Plaintiff also seeks attorneys' fees under Haw. Rev. Stat. § 431:10C-304(5). Effectively, then, the Plaintiff's Complaint is two counts: Count One for relief under the MSP Act, and Count Two for attorneys' fees under Hawaii law. In the pending Motion, the Plaintiff seeks to dismiss only Count Two.

### III

Federal Rule of Civil Procedure 12(b)(6) governs whether a complaint fails to state a claim. FED. R. CIV. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief". FED. R. CIV. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not survive a motion to dismiss. *Id.* The Court is to draw all reasonable inferences in favor of the non-movant, but the Court "need not accept as true any legal assertions or recital of the elements of a cause of action 'supported by mere conclusory statements.'" *Vesely*

2

*v. Armslist LLC*, 762 F.3d 661, 665-66 (7th Cir. 2014) (quoting *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013)).

## IV

Under Hawaii Rev. Statute § 431:10C-304(5), "[t]he insurer shall pay … all attorney's fees and costs of settlement or suit necessary to effect the payment of any or all personal injury protection benefits found due under the contract." It further provides that "[a] person making a claim for personal injury protection benefits may be allowed an award of a reasonable sum for attorney's fees … in an action brought by or against an insurer who denies all or part of a claim for benefits under the policy". *Id.*

State Farm argues that the Plaintiff's Complaint "is not a suit brought for payment of personal injury protection benefits required under Hawaii's personal injury protection statutes." (D. 20 at ECF p. 5). Nor, State Farm argues, is the Plaintiff a "person making a claim for personal injury protection benefits". *Id.* Rather, State Farm argues that Plaintiff's case is to "seek reimbursement of conditional Medicare payments made by MDX" under the MSPA. *Id.* Thus, State Farm asserts that attorneys' fees are unavailable as a matter of law.

In response, the Plaintiff argues that this case is covered by § 431:10C-304(5), because it seeks PIP reimbursements.

The Court agrees to dismiss the Plaintiff's attorney's fee claim because the Plaintiff does not sue under Hawaii law. Rather, the Plaintiff sues under the MSP Act, then seeks only attorneys' fees under Hawaii law. It is unclear why Hawaii law would entitle the Plaintiff to attorneys' fees where the Plaintiff has not alleged that State Farm violated Hawaii law; the Plaintiff cannot shoehorn attorneys' fees into this case under Hawaii law without establishing liability under Hawaii law. If the Plaintiff decides to bring an actual cause of action under Hawaii law, then perhaps the Plaintiff could also plausibly allege entitlement to accompanying

attorneys' fees. But as the Amended Complaint currently stands, the Plaintiff seeks only liability under the MSP Act, and only attorneys' fees under Hawaii law. That does not suffice.

Tellingly, aside from their own previous small-claims court case,[2] the Plaintiff fails to cite any authority in which attorneys' fees were awarded under Hawaii law in an MSP Act case. Nor does the Plaintiff's Count II plausibly allege why attorneys' fees are appropriate under Hawaii law; the Amended Complaint states only that the Plaintiff seeks fees "pursuant to Hawaii's personal injury protection statute." (D. 8 at ECF p. 15). Without an allegation or clear directive as to why the Plaintiff is entitled to attorneys' fees without establishing liability under Hawaii law, State Farm's Motion is granted.

Further, because the Plaintiff has not attempted to state a claim under Hawaii law, the Court need not address State Farm's argument that the Plaintiff's claim does not fall within the purview of § 431:10C-304(5). If, in an amended complaint, the Plaintiff sues under that section, the Court will address State Farm's argument that the statute does not encompass the Plaintiff's set of facts.

V

For the reasons set forth above, the Defendant's Motion to Dismiss (D. 20) is granted. The Plaintiff may file a Second Amended Complaint within fourteen days of this Order. Otherwise, the case will proceed with only Count One of the Plaintiff's First Amended Complaint and this matter will be referred to the Magistrate Judge for further proceedings.

*It is so ordered.*

Entered on August 11, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

---

[2] *Alpha Thirteen, LLC v. Allstate Ins. Co.*, 1DSC-25-0000945, [Dkt. 39] (August 28, 2025).